UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANGELA ADAMS,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of the Social
Security Administration,

    Defendant.

CAUSE NO.: 1:18-CV-291-PPS

## **OPINION AND ORDER**

Angela Adams appeals the Social Security Administration's decision to deny her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and application for Supplemental Security Income (SSI) under Title XVI. Adams alleged disability due to the following conditions: Ehlers-Danlos syndrome, fibromyalgia, hypothyroidism, gastro-esophageal reflux disease, asthma, bad back and neck, morbid obesity, TMJ, migraines, and chronic kidney stones. [Tr. 63.][1] An administrative law judge found that Adams was not disabled within the meaning of the Social Security Act and that she had the residual functional capacity (RFC) to perform light work with some restrictions and could perform her past relevant work as a case worker.

---

[1] Citations to the record will be indicated as [Tr. __] and indicate the pagination found in the lower right-hand corner of the record found at DE 6.

Adams claims the ALJ failed to adequately explain the basis of her decision and create a logical bridge between the medical evidence and her conclusions. I agree with Adams, at least as it relates to her extreme obesity. The ALJ found that Adams had a residual functional capacity to occasionally stoop, kneel, crouch and crawl. That seems at odds with someone who weighs 344 pounds and has a body mass index ("BMI") of 57.2, as Adams does. Because I find that the ALJ needs to make a more secure connection between the evidence of Adams' extreme obesity and the RFC that was assigned to her, I will **REVERSE** the ALJ's decision and **REMAND** on this issue.

## Discussion

The ALJ found that Adams has the following severe impairments: asthma, obesity, Ehlers-Danlos syndrome (which involves unstable and loose joints), degenerative disc disease at L5/S1, fibromyalgia, migraine headaches, postural dizziness, and knee osteoarthritis with an alleged onset date of April 18, 2013. [Tr. 10.] Adams also has several other medical challenges that are fully accounted for in the ALJ's opinion. [*See* Tr. 13.] The ALJ determined Adams had the RFC to perform light work with several restrictions, including that she could lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, she could occasionally stoop, kneel, crouch, and crawl, and she could stand and/or walk for two hours and sit for six hours, however, "she would need the option to alternate positions between sitting and standing every 30 minutes." [Tr.16.]

Let's start with some basics about my role in reviewing the work of the ALJ. My job is not to determine from scratch whether Adams is disabled. Rather, I only need to

2

determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The review is deferential. This is because the "substantial evidence" standard is not particularly demanding. In fact, the Supreme Court announced long ago that the standard is even less than a preponderance-of-the-evidence standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Of course, there has to be more than a "scintilla" of evidence. *Id.* So in conducting my review, I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Nonetheless, the review is a light one and the substantial evidence standard is met "if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

Regarding Adams's weight, the ALJ noted that she weighed about 344 pounds at the consultative examination, with a body mass index of about 57.2. [Tr. 16.] The ALJ found that her obesity contributes to limiting Adams to a reduced range of light exertional level work that includes postural limitations including no more than two hours of standing and/or walking during an eight-hour workday, and the option to alternate positions between standing and sitting every 30 minutes. [Tr. 16.]

Adams testified at the hearing before the ALJ on April 5, 2017, that she worked as a caseworker for approximately 14 years, helping people apply for Medicaid and sometimes Social Security. [Tr. 36.] Her job entailed visiting different floors and rooms

3

of the hospital, and helping patients with their applications. [Tr. 36-37.] According to Adams, they let her go because of her health. [Tr. 38.] She claims her "joints give out on [her] too many times a day. I'll fall just walking or standing up. I have chronic pain. . . . migraines limit me as far as like these type of lights, weight limit as far as lifting, the standing, the sitting." [Tr. at 39.] Specifically, Adams said she had pain in her joints, back, knees, and hands. *Id.* Her constant knee pain is made worse by weight bearing, standing up, walking, moving, and bending. [Tr. 40.] Adams just got a knee brace for her right knee, and she is supposed to wear it every day. *Id.* She reported that a friend helps her with vacuuming and sweeping. [Tr. 45.] Her joint pain associated with the Ehlers-Danlos has gotten worse over the past three years. [Tr. 52-53.] Although she is able to drive to get around and prepare simple meals, when she goes to the store she needs the assistance of a wheelchair of scooter. [Tr. 35, 44-45, 250.]

In December 2013, Adams had a lumbar spine MRI which showed disc protrusion and bilateral L5 pars defect without anterolisthesis or retrolisthesis of L5 on S1. [Tr. 587-88.] In April 2014, Adams was referred to Dr. Isa S. Canavati, in the NeuroSpine and Pain Center. [Tr. 555.] Although an MRI showed symptoms of degenerative disc disease, Dr. Canavati recommended conservative treatment, finding that Adams was not an ideal candidate for surgery, and he believed her obesity was "a big part of the problem." [Tr. 556.]

In May 2015, Adams was examined by a consultative examiner, Dr. H.M. Bacchus, who opined that Adams appeared capable of performing light duties and standing for a total of two to three hours in a six to eight-hour day, although not

4

continuously. [Tr. 634.] Other than stating Adams should not climb ladders, work on uneven ground or in unprotected heights, Dr. Bacchus did not make any other comments about any postural limitations that Adams might have.

In June 2015, Fernando Montoya, M.D., the state agency consultant, completed a residual capacity assessment. Dr. Montoya opined that Adams could perform a light range of exertional level work. Specifically, he found Adams could lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. [Tr. 86-87.] Further, he determined that Adams could stand and/or walk for two hours and sit for about six hours during an eight-hour work day. [Tr. 87.] Dr. Montoya agreed that Adams should not climb ladders, ropes, or scaffolds but could occasionally climb ramps and stairs as well as kneel, crouch, and crawl. [Tr. 87.] In September 2015, B. Whitley, M.D., another consultative examiner, affirmed Dr. Montoya's assessment at the reconsideration level. [Tr. 99, 20.]

In February 2017, Adams had decreased range of motion and swelling in both knees, but the x-ray images that were taken showed no acute abnormalities. [Tr. 799-800.] In March 2017, Adams was diagnosed with patellofemoral syndrome and prescribed a knee brace, but was also advised about the importance of weight management and knee strengthening. [Tr. 911.]

The ALJ found that Adams could perform past relevant work as a caseworker and, in the alternative, could perform other work that exists in significant numbers in the national economy. [Tr. 20-22.]

Adams's first argument, and the one that is dispositive for this case, is that the ALJ failed to adequately connect the evidence with her finding that Adams was not disabled. It is by now well settled that when an ALJ recommends that the Agency deny benefits, the ALJ must "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Although the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008).

Adams insists that it "defies logic" that she could occasionally stoop, kneel, crouch or crawl. [DE 14 at 14.] She says that the RFC is inconsistent with Dr. Bacchus's observation that Adams "squats 1/3 way down" [Tr. 633] and Dr. Kancherla's similar observation that Adams could only "partially squat" [Tr. 390].

In looking at the ALJ's opinion, I find that she did not fully account for the additional limitations caused by Plaintiff's obesity. The RFC provided that Adams could never climb ladders, ropes, and scaffolds, but she could occasionally climb ramps and stairs as well as occasionally balance, stoop, kneel, crouch, and crawl. [Tr. 16.] It also provided that Adams could stand and/or walk for two hours and sit for six hours during a workday, however, she would need the option to alternate positions between sitting and standing every 30 minutes. *Id.*

6

Adams has a BMI of 57.2.  Any BMI of 30 or greater is considered obese.  SSR 02-1p, 2002 WL 34686281, at *2 (Sept. 12, 2002).  Adams falls into Level III, labeled "extreme" obesity, which represents the greatest risk for developing obesity-related impairments.  *Id.*  Social Security Ruling 02-1p requires an ALJ to consider obesity as an impairment and the exacerbating effects of a claimant's obesity on her other conditions when arriving at the RFC assessment.  *Hernandez v. Astrue*, 277 F. App'x 617, 623-24 (7th Cir. 2008).

In this case, the ALJ found that Adams's obesity was severe [Tr. 12], which means it significantly limited Adams's ability to perform basic work activities, including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling."  *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016).  According to the ALJ, Adams's "obesity contributes to limiting her to a reduced range of light exertional level work that includes postural limitations and no more than two hours of standing and/or walking during an eight-hour workday."  [Tr. 16.]  But the ALJ found that despite her severe obesity, severe degenerative disc disease, Ehlers-Danlos syndrome, and knee osteoarthritis, Adams could still stand or walk for six hours out of every work day, and occasionally climb ramps and stairs as well as balance, stoop, kneel, crouch, and crawl.  As the Court in *Aranda v. Berryhill*, 312 F.Supp.3d 685, 692 (N.D. Ill. 2018), rationalized in remanding the claim of a similar obese plaintiff, "[t]here's not much of a logical bridge there."

Severe obesity could, of course, impact Adams's degenerative disc disease and knee osteoarthritis.  *See, e.g., Allensworth v. Colvin*, 814 F.3d 831, 833 (7th Cir. 2016)

7

(discussing obesity's effect on back and knee impairments).  Moreover, the ALJ's heavy reliance on the residual capacity assessments by the state agency consultants Dr. Montoya and  Dr. Whitley, is questionable as those doctors did not actually exam Adams, their analysis of the medical record occurred back in 2015, and Adams testified at the hearing in April 2017 that her joint pain associated with the Ehlers-Danlos has increased over the past three years.  In sum, the ALJ's failure to substantively address Adams's obesity in combination with her other impairments, leaves me unable to trace her RFC findings, and I cannot find that there is a "logical bridge" between the evidence and the ALJ's conclusions.

This case is similar to a case decided a number of years ago by the Seventh Circuit. In reversing the judgment of the district court and remanding to the Social Security Administration, the Seventh Circuit questioned a similar RFC for an obese plaintiff with spinal conditions, noting "[h]ow she could be thought capable of either standing or walking for six out of eight hours eludes us."  *Goins v. Colvin*, 764 F.3d 677, 682 (7th Cir. 2014).  *Goins* also asked, "[d]oes the SSA think . . . that at her present weight and with her present symptoms she can, even occasionally, crawl, stoop, and crouch?"  These same questions concern me in this case – I cannot figure out how the ALJ determined Adams is capable of the standing, walking, and even occasional crawling, stooping, and crouching presently set forth in the RFC.

## Conclusion

For the reasons set forth above, the Commissioner of Social Security's final decision is REVERSED and this case is REMANDED to the Social Security Administration for further proceedings consistent with this opinion.

ENTERED: June 24, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT